IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA LORENA PORTILLO MARQUEZ
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

KU-WASHINGTON CORPORATION
d/b/a SICHUAN PAVILION
1814 K Street NW
Washington, DC 20006

JIM KU
11300 Bedfordshire Avenue
Potomac, MD 20854

MICHELLE KU
17823 Falconcrest Circle
Germantown, MD 20874

    Defendants.

Civil Action No. _____

## COMPLAINT

1. Defendants employed Plaintiff Portillo Marquez as a busser at their D.C. Chinese restaurant. Defendants paid Plaintiff a flat daily salary supplemented by tips. Defendants' pay practices denied Plaintiff minimum and overtime wages.

2. Plaintiff brings this action to recover damages for: a) Defendants' willful failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and 2) Defendants' willful failure to pay minimum and overtime wages in violation of the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.      Plaintiff Maria Lorena Portillo Marquez is an adult resident of the District of Columbia.

6.      Defendant Ku-Washington Corporation is a District of Columbia corporate entity. It does business as Sichuan Pavilion. Its principal place of business is located at 1814 K Street NW, Washington, DC 20006. Its resident agent for service of process is Xiaohui Yu, 555 Massachusetts Avenue NW, Suite 911, Washington, DC 20001.

7.      Defendant Jim Ku is an adult resident of Maryland. He resides at 11300 Bedfordshire Avenue, Potomac, MD 20854. He is an owner and officer of Defendant Ku-Washington Corporation. He exercises operational authority and control over the operations of Ku-Washington Corporation — including its pay practices.

8.      Defendant Michelle Ku is an adult resident of Maryland. She resides at 17823 Falconcrest Circle, Germantown, MD 20874. She is an owner and officer of Defendant Ku-Washington Corporation. She exercises operational authority and control over the operations of Ku-Washington Corporation — including its pay practices.

9.      Upon information and belief, Defendants Jim Ku and Michelle Ku are siblings.

**Factual Allegations Specific to Plaintiff Portillo Marquez**

10.     Plaintiff Portillo Marquez worked at Sichuan Pavilion from approximately August 15, 2016 through approximately June 7, 2017.

11.   Plaintiff Portillo Marquez worked at Sichuan Pavilion as a busser.

12.   Plaintiff Portillo Marquez's job duties primarily consisted of clearing tables and cleaning the restaurant bathrooms.

13.   Plaintiff Portillo Marquez typically and customarily worked the following schedule:

|  | **Entry and Exit Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|
| Monday | Off | | |
| Tuesday | 11:00 a.m. – 10:00 p.m. | 1 hour | 10.0 |
| Wednesday | 11:00 a.m. – 10:00 p.m. | 1 hour | 10.0 |
| Thursday | Off | | |
| Friday | 11:00 a.m. – 10:00 p.m. | 1 hour | 10.0 |
| Saturday | 11:00 a.m. – 10:00 p.m. | No break | 11.0 |
| Sunday | 11:00 a.m. – 10:00 p.m. | No break | 11.0 |
|  |  | **TOTAL** | **52.0 Hours** |

14.   However, during the month of September 2016, Plaintiff Portillo Marquez worked 7 days and approximately 72 hours a week.

15.   Defendants paid Plaintiff Portillo Marquez a daily salary of $25.00. So if Plaintiff worked 5 days in a week, Defendants paid her $125.00 for that week.

16.   Over the course of her employment, Defendants typically and customarily paid Plaintiff an effective hourly rate of $2.40 ($125.00 ÷ 52 hours = $2.40).

17.   At all relevant times, the District of Columbia required tipped employees to earn an hourly wage of at least $2.77. D.C. Code § 32-1003(f)(1).

18.   Plaintiff Portillo Marquez daily salary was supplemented by tips. Defendants allowed her to keep an average of approximately $75.00 a day in tips.

19.   Even after accounting for tips, however, Plaintiff Portillo Marquez's effective hourly rate remained below the D.C. minimum wage (($25.00 of salary × 5 days) + ($75.00 of tips × 5 days) = $500.00 ÷ 52 hours = $9.61/hour).

3

20. The DCMWA required employers to pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017. D.C. Code § 32-1003(a).

21. Moreover, the DCMWA requires employers with tipped employees to "submit a quarterly wage report within 30 days of the end of each quarter to the Mayor certifying that the employee was paid the required minimum wage." D.C. Code § 32-1009.01.

22. Upon information and belief, Defendants never submitted quarterly wage reports as required by D.C. Code § 32-1009.01.

23. Furthermore, the DCMWA required Defendants to give "each employee at the time of payment of wages an itemized statement showing the date of the wage payment, gross wages paid, deductions from and additions to wages, net wages paid, [and] hours worked during the period...." D.C. Code § 32-1008(b).

24. Defendants never gave Plaintiff Portillo Marquez an itemized pay statement as required by D.C. Code § 32-1008(b).

25. Additionally, the DCMWA required Defendants to give an employee written notice containing the following information: the employer's name and any doing business as names, the employer's physical address, the employer's telephone number, the employee's rate of pay and the basis of that rate, and the employee's regular payday. D.C. Code § 32-1008(c).

26. Defendants never gave Plaintiff Portillo Marquez the written notice required by D.C. Code § 32-1008(c).

27. Defendants never explained the following to the Plaintiff Portillo Marquez:

   i. Defendants were required to pay her an hourly wage of $2.77;

   ii. Defendants were going to take a tip credit against their obligation to pay her the minimum wage;

    iii.    Defendants' tip credit could not exceed the amount of tips she received; and

    iv.    Plaintiff Portillo Marquez had a right to retain all tips that she had actually earned.

28.    Defendants Jim Ku and Michelle Ku instructed the restaurant's waiters and waitress to put all tips into a jar.

29.    At the end of each day, either Defendant Jim Ku or Michelle Ku counted the pooled tips and distributed the tips to the waiters, waitresses, and bussers.

30.    Defendants never told Plaintiff Portillo Marquez the total amount of each day's tip pool or the percentage of tips that she was entitled to.

31.    Upon information and belief, Defendants did not include in the tip pool the tips left with a credit card.

32.    While tips were tendered daily, Defendants tendered Plaintiff her salary every other Friday.

33.    At all relevant times, Defendants paid Plaintiff Portillo Marquez in cash.

34.    Defendants did not pay Plaintiff Portillo Marquez overtime wages — or one and one-half times Plaintiff Portillo Marquez's regular hourly rate for hours worked in excess of 40 in a workweek.

35.    For Plaintiff Portillo Marquez's work, Defendants owe Plaintiff Portillo Marquez approximately $24,486.00 in minimum and overtime wages.

36.    At all relevant times, Defendants had the power to hire and fire Plaintiff.

37.    At all relevant times, Defendants had the power to control Plaintiff's work schedule.

38.    At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

39.    At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

40.    Defendant Jim Ku personally fired Plaintiff.

41.     Defendant Jim Ku personally set Plaintiff's schedule.

42.     Defendants Jim Ku and Michelle Ku personally supervised Plaintiff.

43.     Defendants Jim Ku and Michelle Ku personally tendered Plaintiff her pay.

44.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff Portillo Marquez the applicable minimum wage.

45.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

46.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

47.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

48.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

50.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

51.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

52.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C.

§ 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

53. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

54. Defendants' violations of the FLSA were willful.

55. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

56. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

57. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

58. The DCMWA required that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017. D.C. Code § 32-1003(a).

59. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

60. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

61. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

62. Defendants' violations of the DCMWA were willful.

63. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$103,251.60**, and grant the following relief:

a. Award Plaintiff $97,944.00, consisting of the following overlapping elements:

   i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii. unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,907.60);

d. Award Plaintiff court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

Date: September 11, 2017              Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

/s/ Justin Zelikovitz, Esq.